1  DAVID E. MASTAGNI, ESQ. (SBN 204244)
   ISAAC S. STEVENS, ESQ. (SBN 251245)
2  ACE T. TATE, ESQ. (SBN 262015)
   **MASTAGNI HOLSTEDT**
3  A Professional Corporation
   1912 "I" Street
4  Sacramento, California 95811
   Telephone: (916) 446-4692
5  Facsimile: (916) 447-4614
   davidm@mastagni.com
6  istevens@mastagni.com
   atate@mastagni.com
7
   Attorneys for Plaintiffs
8
   MARGARET LONG, ESQ. (SBN 227176)
9  DAVID A. PRENTICE, ESQ. (SBN 144690)
   JASON S. EPPERSON, ESQ. (SBN 201318)
10 **PRENTICE, LONG & EPPERSON, PC**
   1716 Court Street, Suite B
11 Redding, California 96001
   Telephone: (530) 691-0800
12 Facsimile: (530) 691-0700
   Jason@PLELawFirm.com
13 David@PLELawFirm.com

14 Attorneys for Defendant

15
16                    IN THE UNITED STATES DISTRICT COURT
17                        EASTERN DISTRICT OF CALIFORNIA

18 | JULIE WINKLE, et al., on behalf of herself | Case No. 2:16-cv-01486-KJM-GGH
   | and all similarly situated individuals,    |
19 |                                            | **[COLLECTIVE ACTION]**
   |          Plaintiffs,                       |
20 | v.                                         | **[PROPOSED] ORDER GRANTING**
   |                                            | **CONDITIONAL CERTIFICATION OF**
21 | COUNTY OF MODOC                            | **FLSA COLLECTIVE ACTION AND**
   |                                            | **NOTIFICATION TO AFFECTED**
22 |          Defendant.                        | **INDIVIDUALS**

23

24      This is a Fair Labor Standards Act (FLSA) case alleging the underpayment of overtime
25 caused by the unlawful exclusion of certain incentives in the calculation of Plaintiffs' pay.
26 Pending before this Court is the parties' stipulation for to conditionally certify this case as a
27 collective action and facilitate a proposed notice procedure pursuant to 29 U.S.C. section 216(b).
28 Plaintiffs seek to notify potential opt-in plaintiffs in accordance with *Hoffman-La Roche, Inc. v.*

*Sperling* (1989) 493 U.S. 165. As requested by the parties, IT IS HEREBY ORDERED THAT:

1. This is a collective action conditionally certified as affecting a group of similarly situated individuals consisting of any and all current or former employees of the County of Modoc who have worked overtime and received cash payments in lieu of health care benefits within the same pay period at any time since June 30, 2013.

2. Plaintiff Julie Winkle is appointed collective action representative.

3. Plaintiff's counsel, Mastagni Holstedt, APC is appointed counsel for this collective action, subject to the right of members who opt-in to use other counsel.

4. The proposed notice to potential collective action members provided by the parties is approved as fair and accurate, subject to further review upon a request for final approval.

5. Within thirty-five (35) days of this Order, Defendant shall distribute the notice, attached hereto, to all current employees who have worked overtime and received cash payments in lieu of health care benefits within the same pay period at any time since June 30, 2013, via the employees' work-issued email addresses. To simplify this process, Defendant may choose to send notice to all employees' work-issued email, rather than just those who worked overtime and received cash payments in lieu of health care benefits within the same pay period at any time since June 30, 2013, at its discretion.

6. Within thirty-five (35) days of this Order, Defendant shall distribute the notice to all former employees who have worked overtime and received cash payments in lieu of health care benefits within the same pay period, and where employed by Defendant since June 30, 2013, by first class mail to the former employees' last known mailing address. To simplify this process, Defendant may choose to send notice to all former employees employed since June 30, 2013 by first class mail to their last known mailing address, rather than just those who worked overtime and received cash payments in lieu of health care benefits within the same pay period at any time since June 10, 2013, at its discretion.

7. Within fifty (50) days of this Order, Defendant shall provide Plaintiffs' counsel with proof of distribution of the notice as set forth above.

8.      Plaintiff's pending motion for conditional certification and facilitated notice shall be removed from calendar and Defendant shall have no duty to respond to the motion.

9.      Any deadlines and hearings currently set in this case are hereby vacated, and all proceedings are stayed except the filing of consents to join and the joint status report required below.

10.     The parties shall use informal discovery and early settlement negotiations in an attempt to resolve this dispute promptly.

11.     The parties are ordered to submit a joint status report to this Court detailing their efforts taken to resolve this dispute and the current status of the case within ninety (90) days from the date of this order.

12. In approving the parties' stipulation, the Court notes that its determination of conditional certification under the FLSA is one of discretion, and the plaintiff's burden to establish conditional certification is warranted is lenient. *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007).  In approving the stipulation, the Court reminds the parties that class settlement and final certification must be approved by this Court, and upon a request for final approval, the court will exercise its duty to independently review a party's proposal in full.  Fed. R. Civ. P. 23(e); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

IT IS SO ORDERED.

DATED:  December 12, 2016.

_____
UNITED STATES DISTRICT JUDGE